## ANDREW G. TEEL v. MARY BYRNE.

Where the adverse party is called as a witness, his own counsel have the right fully to cross-examine him.

POTTS, J. The point that the court below rejected legal evidence offered by the plaintiff in *certiorari*, is well taken. The counsel for Mrs. Byrne having called Teel, the appellee below, as a witness, and proved by him that the appellant had rendered the services, and the price he was to pay; and further, that *on the day he gave her the note mentioned* in the state of demand, *he did not pay her any money*, the witness'

counsel, by way of cross-examination asked him, "*Whether he had paid the plaintiff all he owed her except the two dollars, before the day the note was given?*" "*Whether he gave the note for all he owed the plaintiff at the time it was given?*" And "*Why he did not pay the said plaintiff any money on the day he gave her the note?*" But the court overruled all these questions.

This was error. The questions were within the scope of a fair cross-examination, and ought to have been admitted. The acts (*Pamp. L.* 1849, *p.* 264, *and* 1852, *p.* 225,) authorizing a party in a civil suit to call his adversary as a witness, never were designed to enable him to draw out an admission of an isolated fact, and then shut the door against all explanations. The witness may be cross-examined as any other witness.

Judgment reversed.

REPORTER'S NOTE.—In the case of *Grinnell* v. *Lester et al.,* tried in the Hudson Circuit, November Term, 1850, it was ruled by the Chief Justice that if a party call his adversary as a witness, he is made a competent witness in the suit for all purposes, and not merely for cross-examination.